UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDEEP SINGH A., | No. 1:26-cv-00136-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; and CHRISTOPHER CHESTNUT, Warden of California City Detention Center, | Doc. 2 |
| Respondents. | |

Before the Court is petitioner Mandeep Singh A.'s motion for temporary restraining order.[1]  Doc. 2.  The Court has addressed the legal issues raised by petitioner's motion for temporary restraining order in prior cases.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v.*

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

*Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, *Carmen G.C. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the motion. Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents acknowledge that "[t]his matter is not substantively distinguishably from the Court's prior precedent," Doc. 9 at 1, and the Court has previously addressed their arguments. Respondents do not object to converting the motion and do not request a hearing. *See id.*

As respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and for the reasons stated in those prior orders, petitioner's motion for temporary restraining order is converted to a motion for a preliminary injunction and is GRANTED.

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including

2

the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:   January 13, 2026

_____
UNITED STATES DISTRICT JUDGE

3